**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                               :
TATANISHA HOOD et al.,         :     Civil Action No. 12-6395 (JBS)
                               :
            Plaintiffs,        :
                               :           OPINION
       v.                      :
                               :
CUMBERLAND COUNTY DEPARTMENT   :
OF CORRECTIONS et al.,,        :
                               :
            Defendants.        :
_____:
```

**SIMANDLE,** District Judge:

This matter comes before the Court upon submission of a
civil complaint ("Complaint") executed by twenty-two plaintiffs
("Plaintiffs") who are pre-trial detainees confined at a certain
"B-Dorm" of the Cumberland County Jail; Plaintiffs are seeking to
litigate this matter as a class action. [Docket Item 1.]  The
Complaint arrived unaccompanied by Plaintiffs' filing fee or by
their applications to proceed in forma pauperis. [See id.]

Plaintiffs named, as Defendants in this matter, local
branches of the New Jersey Department of Corrections ("DOC"), New
Jersey Superior Court, Law Division("Court") and the New Jersey
Prosecutor's Office ("Prosecutors"). [See id. at 1.]  Plaintiffs
assert that: (1) the DOC has been negligent in maintaining their
"B-Dorm," and some inmates' legal mail has been opened prior to,
rather than at when it was handed to them; (2) the Court had
erred in conducting arraignments, and setting bails of, as well
as accepting guilty pleas from some criminal defendants; (3) the

Prosecutors have pursued charges that some defendants perceived as insufficiently supported by evidence and, in addition, the Prosecutors forced some defendants to take involuntary guilty pleas.  See, generally, id.  Plaintiffs seek class certification and compensatory damages in the amount of $150 million, as well as compensation for the medical and psychological ailments Plaintiffs may develop in the future.  [Docket Item No. 1, at 8.]

I.   **In Forma Pauperis**

The filing fee for a civil complaint is $350.00.  The Clerk cannot file a civil complaint unless the person seeking relief prepays the entire $350.00 filing fee applies for and is granted in forma pauperis status under 28 U.S.C. § 1915. See Local Civil R. 5.1(f).  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.[1]

---

[1] Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  See 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  See 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined during that period.  See id.

Here, this Court cannot grant Plaintiffs in forma pauperis since they did not submit the required applications.  Thus, they will be denied in forma pauperis status without prejudice.[2]

## II.  Class Certification

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure.  An action cannot proceed as a class matter unless all prerequisites set forth in Rule 23(a) and (b) are satisfied.  See Fed. R. Civ. P. 23(c).  Class certification is generally premature until the complaint is screened and filed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the pleading is ordered served and appointment of pro bono counsel, if warranted, is directed.[3]  See Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir.

---

[2] Plaintiffs shall take notice of Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder of plaintiffs.  Where more than one prisoner seeks to join in a complaint against a government official or entity, the prisoners may prepay a single $350 filing fee or each prisoner must seek and obtain in forma pauperis status.  In the latter scenario, the Court must direct $350 assessment against each prisoner.  See id. at 150.  The Court is also obligated to screen the complaint, and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.  See 28 U.S.C. § 1915A.  If a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed on the aforesaid grounds, the prisoner may not bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); see also Byrd v. Shannon, ___ F.3d ___, 2013 U.S. App. LEXIS 4819 (3d Cir. Pa. Mar. 11, 2013) (strikes are accrued regardless of whether the prisoner prepaid the filing fee or proceeded in forma pauperis).

[3] The Court may appoint pro bono counsel only if all class representatives obtain in forma pauperis status.  See 28 U.S.C. § 1915(e)(1); Local Civil Rules, Appendix H.

2009); <u>Link v. Mercedes-Benz of North America, Inc.</u>, 550 F. 2d 860, 864 (3d Cir. 1976).  A party seeking class certification bears the burden of proving that the putative class satisfies all requirements of Rule 23.[4]  See <u>Johnston v. HBO Film Mgmt., Inc.</u>, 265 F.3d 178, 183-84 (3d Cir. 2001); see also <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613-14 (1997).

Pursuant to Rule 23:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1)   the class is so numerous that joinder of all members is impracticable;
(2)   there are questions of law or fact common to the class;
(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)   the representative parties will fairly and adequately protect the interests of the class.[5]

Fed. R. Civ. P. 23(a).

Commonly referred to as numerosity, commonality, typicality, and adequate representation, these requirements are "meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the

---

[4] The Court of Appeals has recognized the utility, and often the necessity, of looking beyond the pleadings at the class certification state of litigation.  See <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 168-69 (2001) ("In reviewing a motion for class certification, a preliminary inquiry into the merits is sometimes necessary to determine whether the alleged claims can be properly resolved as a class action").

[5] The possibility of having counsel appointed is not a substitute for the adequacy of the class representative.

particular circumstances." <u>Baby Neal by Kanter v. Casey</u>, 43 F.3d 48, 55 (3d Cir. 1994).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." <u>Newton</u>, 259 F.3d at 182; Fed. R. Civ. P. 23(a)(1).  "No single magic number exists satisfying the numerosity requirement." <u>Moskowitz, v. Lopp</u>, 128 F.R.D. 624, 628 (E.D. Pa. 1989).  The Court of Appeals, however, generally has approved only classes of forty or more.  <u>See Stewart v. Abraham</u>, 275 F.3d 220, 226-27 (3d Cir. 2001).  Here, Plaintiffs' putative class of twenty-two fails to satisfy the numerosity requirement.[6]

To satisfy the commonality requirement, Plaintiffs  must show the existence of at least one question of law or fact common to the entire class.  <u>See Johnston</u>, 265 F.3d at 184; <u>see also</u> <u>In re the Prudential Ins. Co. of Am. Sales Practices Litig.</u>, 148 F.3d 283, 310 (3d Cir. 1998).  "All that is required is that the litigation involve some common questions and that plaintiffs allege harm under the same legal theory." <u>Baby Neal</u>, 43 F.3d at 58.  Here, Plaintiffs allege that all of them were or are housed at the B-Dorm.  Therefore, the commonality requirement appears satisfied.  <u>See Baby Neal</u>, 43 F.3d at 56 ("Because the requirement may be satisfied by a single common issue, it is easily met"); <u>Hassine v. Jeffes</u>, 846 F.2d 169, 176-177 (3d Cir.

---

[6] No statement in the Complaint indicates Plaintiffs' interest in having other pretrial detainees or recent convicts included in their class.  [<u>See generally</u>, Docket Item 1.]

1988) (is not necessary that all putative class members share identical claims). Here, all Plaintiffs maintain that there are housed at the B-Dorm; therefore, the commonality requirement is satisfied.

While the typicality requirement may be met despite the existence of some differences between the claims of the named plaintiffs and the claims of the proposed class, see Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), this requirement is designed to align the interests of the class and the class representatives so that the latter will work for the benefit of the entire class through the pursuit of their own goals. See In re Prudential Ins. Company of America, 148 F.3d 283, 311 (3d Cir. 1998); see also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 923 (3d Cir. 1992). Here, Plaintiffs assert that some of them were improperly arraigned or denied speedy trial, while others were forced to take involuntary guilty pleas, and yet others were charged on the bases of insufficient evidence, etc. Since this broad range of Plaintiffs' claims and, especially, the unique circumstances of their prosecutions and convictions differ substantially, Plaintiffs do not meet the typicality requirement.

Rule 23 also requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). However, where the class includes members with divergent interests because the time of class membership is a factor, the representatives may not adequately represent the

class.  See Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d

Cir. 1977); Miller v. Hygrade Food Prods. Corp., 198 F.R.D. 638

(E.D. Pa. 2001); see also Wetzel v. Liberty Mut., Ins. Co., 508

F.2d 239 (3d Cir. 1975).  Here, the putative class includes

inmates anticipating release or transfer from the B-Dorm, as well

as those facing an extensive confinement at the B-Dorm, pretrial

detainees and convicted prisoners, those who took guilty pleas

and those who did not, etc.  Since the interests of these sub-

groups substantially diverge, the adequacy requirement is not

satisfied.

     In addition to satisfying Rule 23(a), Plaintiffs must also

show that the putative class falls under at least one of the

three subsections of Rule 23(b).  Since the putative class here

seeks money damages, Plaintiffs must satisfy the requirements of

Rule 23(b)(3) by establishing both predominance and superiority.[7]

See Grider v. Keystone Health Plan Cent., Inc., 2006 U.S. Dist.

LEXIS 93085, at *36 (E.D. Pa. Dec. 21, 2006).

     The predominance requirement of Rule 23(b) is more rigorous

than the commonality requirement of Rule 23(a).  See McMahon

Books, Inc. v. Willow Grove Assocs., 108 F.R.D. 32, 35 (E.D. Pa.

1985).  The Supreme Court observed that, while "[p]redominance is

---

     [7] Class action is less favored where plaintiffs seek
monetary damages, because any award of damages requires
case-by-case examination of individual claims, a process best
suited to individual adjudications rather than class action
lawsuits.  See Contawe v. Crescent Heights of Am., Inc., 2004
U.S. Dist. LEXIS 25746 (E.D. Pa. Dec. 21, 2004).

a test readily met in certain cases alleging consumer or
securities fraud[, certification of a class should be made with]
caution where individual stakes are high and disparities among
class members great." <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S.
591, 625 (1997) <u>see also</u> <u>Windham v. Am. Brands, Inc.</u>, 565 F.2d
59, 68 (4th Cir. 1977) ("[W]here the issue of damages and impact
. . . requires separate minitrials . . . the staggering problems
of logistics . . . make the damage aspect . . . predominate, and
render the case unmanageable as a class action") (internal
citations omitted).  In addition, the requirement that a class
action be the superior method of resolving the claims ensures
that there is no other available method of handling it which has
greater practical advantages.  <u>See</u> Fed. R. Civ. P. 23, Advisory
Committee Note, 1966 Amendment to 23(b)(3); <u>Johnston</u>, 265 F.3d at
194.  "Superiority must be looked at from the point of view (1)
of the judicial system, (2) of the potential class members, (3)
of the present plaintiff, (4) of the attorneys for the litigants,
(5) of the public at large, and (6) of the defendant.  . . .
Superiority must also be looked at from the point of view of the
issues." <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 760 (3d Cir.
1974).  Here, neither the requirement of predominance nor that of
superiority are met as a result of qualitative and quantitative
differences in potential defenses, and because of the uniqueness
of certain injuries allegedly suffered by some Plaintiffs.  Thus,
Plaintiffs' application for class certification will be denied.

8

## III.  Substantive Deficiencies

The Supreme Court detailed the standard for summary dismissal of a complaint in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible since that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

Here, Plaintiffs named, as Defendant, the DOC, the Court and the Prosecutors.  However, the DOC and Court are "arms of the state" and, thus, not "persons" within the meaning of a Section 1983 action.  See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Reiff v. Philadelphia County Court of Common Pleas, 827 F. Supp. 319, 324 (E.D. Pa. 1993) (court is not a "person"); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (same, as to the DOC).  Moreover, prosecutors are absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430-31(1976), including use of false testimony and suppression of

9

evidence favorable to the defense.  Since Imbler, the Supreme
Court has held that "absolute immunity applies when a prosecutor
prepares to initiate a judicial proceeding, or appears in court
to present evidence in support of a search warrant application."
Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (citations
omitted); see also Allen v. Johnson, 2013 U.S. Dist. LEXIS 2432
(D.N.J. Jan. 7, 2013) (absolute immunity applies to prosecutorial
indictments); David v. Miller, 2012 U.S. Dist. LEXIS 178023
(D.N.J. Dec. 17, 2012) (same); Retzler v. Marrone, 2009 U.S.
Dist. LEXIS 68624 (E.D. Pa. Aug. 5, 2009) (same, as to allegedly
forced guilty pleas).

Finally, Plaintiffs cannot challenge speculative future
injuries.  See e.g., Dawson v. Frias, 2010 U.S. Dist. LEXIS 30513
at *8 (D.N.J. Mar. 30, 2010) ("speculation as to what might or
might not happen in the future" cannot serve as a basis for a
valid claim) (citing Rouse v. Pauliilo, 2006 U.S. Dist. LEXIS
17225 (D.N.J. Apr. 5, 2006) (dismissing speculative claim as to
hypothetical future development and citing Kirby v. Siegelman,
195 F.3d 1285 (11th Cir. 1999)); Pilkey v. Lappin, 2006 U.S.
Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006) ("Plaintiff's
[anxiety] fail[s] to state a claim upon which relief may be
granted"); Patterson v. Lilley, 2003 U.S. Dist. LEXIS 11097
(S.D.N.Y. June 20, 2003).

Therefore, Plaintiffs might potentially have only individual
claims based on: (a) their actual injuries suffered as a result

10

of being confined at the B-Dorm;[8] and/or (b) their legal mail opened outside their presence. Correspondingly, in the event Plaintiffs elect to file amended pleadings, they shall assert their individual challenges in separately filed Complaints by: (a) detailing the facts, if any, underlying their actual injuries; and (b) naming the individual defendants liable for the wrongs Plaintiffs allegedly suffered.[9] Generally, a prisoner must exhaust available administrative remedies before filing a Complaint in federal court regarding conditions of confinement.[10]

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' application for class certification will be denied. Plaintiffs' application to proceed in forma pauperis will be denied without prejudice to seeking the same individually. The Complaint will be dismissed without prejudice to Plaintiffs' filing of their individual amended

---

[8]  Claims asserting conditions of confinement challenges are assessed differently depending on whether the plaintiffs are pretrial detainees or convicted prisoners. See Bell v. Wolfish, 441 U.S. 520 (1979); Hubbard v. Taylor, 538 F.3d 229 (3d Cir. 2008); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005).

[9] Each Plaintiff must accompany his amended pleading with the $350 filing fee or a complete in forma pauperis application.

[10] Pursuant to 42 U.S.C. § 1997e(a):
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

11

pleadings in the new and separate matters opened by the Clerk for each Plaintiff.[11]

    An appropriate Order follows.

                             **s/ Jerome B. Simandle**
                             JEROME B. SIMANDLE
                             Chief Judge
                             United States District Court

Dated:    **April 11, 2013**

---

    [11] The instant matter will be reserved for the first-listed Plaintiff, Tatanisha Hood.